Ben N. Saltzman, Director Department of Health 4815 West Markham Little Rock, Arkansas 72201
Dear Dr. Saltzman:
This is in response to your letter wherein you requested an opinion concerning the interpretation of certain rules and regulations of the Arkansas State Board of Health and the effect of an Arkansas statute thereon. Specifically, your questions involved the effect of 3 of Act 301 of 1981, the same being Ark. Stat. Ann. 34-122, on rules and regulations promulgated by the Arkansas State Board of Health pertaining to general sanitation.
The rules and regulations of the Board dealing with general sanitation were adopted in 1974 under the authority vested in the Board by 6 of Act 96 of 1913 [Ark. Stat. Ann. 82-110]. These rules in pertinent part provide that:
 Manure on farms or isolated premises must be controlled in such a manner so as not to create a public health hazard or nuisance.
The rules also states in part:
 No person, firm, corporation or governmental agency may keep or shelter fowls or animals in such a manner that results in a public health nuisance.
Additionally, the rules provide in part:
 No person, firm, corporation, municipality or governmental agency shall allow to exist on his premises . . . any condition which is conducive to the breeding of flies.
Ark. Stat. Ann. 34-122 provides:
 An agricultural facility or its appurtenances or the operation thereof shall not be nor become a nuisance, private of public, as a result of any changed conditions in and about the locality thereof after the same has been in operation for a period of one (1) year or more, when such facility, its appurtenances or the operation thereof was not a nuisance at the time the operation began.
At issue is the authority of the Department of Health to enforce rules and regulations concerning general sanitation in connection with agricultural facilities which were in operation and have not materially changes since the effective date of the statute. The language in the statute is very specific in that it provides that an agricultural facility or its appurtenances or the operation thereof shall not be or become a nuisance, private or public unless there is a material change in he conditions or unless the facility had not been in operation for a period of one year from the effective date of the Act which was March 3, 1981. It would therefore appear that the Department of Health would be unable to enforce its rules with respect to the operation of such facilities in view of the specific statute dealing with the subject.
This would not preclude the Department of Health on behalf of the State Board of Health from seeking injunctive relief through the prosecuting attorney pursuant to Ark. Stat. Ann. 82-225 in the event it is determined that such action is necessary in order to prevent the spread of infectious, contagious or communicable disease, or where there is reason to believe that such action is necessary in order to prevent a threat to the public health and safety of the citizens of Arkansas.
The foregoing opinion, which I hereby approve, was prepared by Special Assistant Attorney General George A. Harper.